UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DEC 11 2012

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | |
| | § | |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | § | Criminal No. H-12-250-S2 |
| ROSA ASTRID UMANZOR-LOPEZ | § | |
| also known as Letty | § | |
| FABIANO AUGUSTO AMORIM | § | |
| also known as Adair Jose Diaz LaCerda | § | |
| also known as Kevin Alexander Castillo | § | |

Sealed

## SEALED SUPERSEDING INDICTMENT

**UNSEALED PER ORDER 3/31/14**

**THE GRAND JURY CHARGES:**

At all times relevant to this Indictment

### GENERAL ALLEGATIONS

1. Defendant ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ **ROSA ASTRID UMANZOR-LOPEZ, also known as Letty**, is a citizen and national of the Republic of Guatemala ("Guatemala"), a country located in Central America; and, **FABIANO AUGUSTO AMORIM, also known as Adair Jose Diaz LaCerda and Kevin Alexander Castillo**, is a citizen and national of Brazil.

2. With the exception of four individuals, the individuals referred to by their initials in Counts Two through Thirteen herein are nationals of India who had not received prior official authorization to come to, enter, and reside in the United States. The four individuals referred to by the initials A.J.M.O., A.A.T., V.G.D., and P.S.M. in Counts Six and Seven are nationals of Brazil who had not received prior official authorization to come to, enter, and reside in the United States.

## COUNT ONE

3. From in or about January 2011 and continuing through on or about April 8, 2012, in India, Brazil, Guatemala, the Dominican Republic, the Southern District of Texas and elsewhere within the extraterritorial and territorial jurisdiction of the United States, and within the venue of the United States District Court for the Southern District of Texas, Defendants

**ROSA ASTRID UMANZOR-LOPEZ**
**also known as Letty**
**and**
**FABIANO AUGUSTO AMORIM**
**also known as Adair Jose Diaz LaCerda**
**also known as Kevin Alexander Castillo**

knowingly combined, conspired, confederated, and agreed with each other and others known and unknown to the Grand Jury, to commit offenses against the United States, more particularly: (a) to bring and attempt to bring aliens to the United States, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and reside in the United States, regardless of any official action which may later be taken with respect to such aliens, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii)-(iii); and (b) to knowingly encourage and induce aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence was and would be in violation of law, for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i).

### Object of the Conspiracy

4. The object of the conspiracy was to profit financially by unlawfully smuggling individuals into the United States.

## Manner and Means of the Conspiracy

5. The conspirators would and did use the following manner and means, among others, to accomplish the object of the conspiracy:

(a) The defendants and their network of co-conspirators recruited individuals in India and elsewhere who wished to be smuggled into the United States in exchange for the payment and promised payment of money.

(b) The defendants used e-mail and telephones to further the smuggling operation in various ways, including: to communicate with co-conspirators in India, Brazil, Guatemala, the United Mexican States ("Mexico"), the Southern District of Texas and elsewhere to discuss their smuggling operations; to advertise their smuggling services; to negotiate smuggling fees for individuals who were to be smuggled into the United States; to coordinate and implement smuggling arrangements and events, including the provision of fraudulent identity and travel documents; and to resolve issues that arose in the smuggling operation.

(c) The defendants conducted their human smuggling business through the use of a network of co-conspirators with whom they shared information and money obtained through their alien smuggling activities; the constitution of the precise team of co-conspirators who would most actively participate in the smuggling of any particular alien or group of aliens depended upon the point of origin of the individuals to be smuggled, the manner in which they were recruited, and the specific routes and arrangements that were available to bring them to the United States.

(d) The defendants and their network of co-conspirators transported and caused to be transported aliens and groups of aliens from locations within India and elsewhere, through South America and Central America and then into the United States, by various means, including by air travel, automobiles, water craft and foot.

## Overt Acts

6. In furtherance of the conspiracy and to accomplish the object of the conspiracy, the defendants and their co-conspirators committed various overt acts in the Southern District of Texas and elsewhere within the extraterritorial and territorial jurisdiction of the United States, including, but not limited to, the following:

(a) Between on or about June 20, 2011, through on or about June 21, 2011, ▓▓▓▓▓, in coordination with **FABIANO AUGUSTO AMORIM**, coordinated with and paid the UCA for transporting from McAllen, Texas, to Houston, Texas, an undocumented Indian national, P.K.P, whom ▓▓▓▓▓ had unlawfully smuggled into the United States.

(b) Between on or about June 21, 2011, through on or about June 29, 2011, Defendant ▓▓▓▓▓, in coordination with **ROSA ASTRID UMANZOR-LOPEZ**, and **FABIANO AUGUSTO AMORIM**, coordinated with and paid the UCA for transporting from Laredo, Texas, to Houston, Texas, five undocumented Indian nationals – P.S.P., S.R.P., K.M.P., J.A.P., and H.P.P. – whom ▓▓▓▓▓ had unlawfully smuggled into the United States.

(c) On or about July 10, 2011, ▓▓▓▓▓ in coordination with **ROSA ASTRID UMANZOR-LOPEZ**, and **FABIANO AUGUSTO AMORIM**, requested that the UCA assist ▓▓▓▓▓ by transporting from Laredo, Texas, to Houston, Texas, nine undocumented Indian and Brazilian nationals – A.J.M.O, A.A.T, V.G.D, M.J.C., B.K.C, A.R.C., L.S., P.P., and P.S.M. – whom ▓▓▓▓▓ had unlawfully smuggled into the United States.

(d) Between on or about July 25, 2011, through on or about July 26, 2011,

Defendant ███████████████, in coordination with **FABIANO AUGUSTO AMORIM**, coordinated with and paid the UCA for transporting from McAllen, Texas, to Houston, Texas, seven undocumented Indian nationals – S.N.P.L., K.B.P., S.S., P.B.P., M.P., N.R.B.P., and Y.P. – whom ███████ had unlawfully smuggled into the United States.

(e)    Between in or about July 2011, through on or about August 19, 2011, Defendant ███████████████, in coordination with **ROSA ASTRID UMANZOR-LOPEZ** and **FABIANO AUGUSTO AMORIM**, coordinated with and paid the UCA for smuggling two undocumented Indian nationals – M.N.P. and J.V.P. – from Guatemala to the United States.

(g)    Between in or about January 2012, and February 2, 2012, a co-conspirator known to the Grand Jurors, in coordination with ███████████████ coordinated with and paid the UCA for smuggling two undocumented Indian nationals – P.T.P. and L.K.C. – from India to the United States by way of the Dominican Republic.

**(Conspiracy to Bring Aliens to the United States for Financial Gain and to Encourage and Induce Aliens to Come to the United States for Financial Gain**, in violation of Title 18, United States Code, Section 371, and pursuant to Title 8, United State Code, Sections 1324(a)(2)(B)(ii)-(iii), 1324(a)(1)(A)(iv), and 1324(a)(1)(B)(i))

## COUNT TWO

7.    Paragraphs One through Six of this Indictment are re-alleged as if fully set forth herein.

8.    In or about May and June 2011, through on or about June 21, 2011, beginning in India, Brazil, Guatemala, and elsewhere outside of the United States, Defendants

███████████████
**and
FABIANO AUGUSTO AMORIM
also known as Adair Jose Diaz LaCerda**

**also known as Kevin Alexander Castillo**

and others known and unknown to the Grand Jury, aiding and abetting each other, knowingly attempted to bring and brought an alien, P.K.B., to the United States, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that P.K.B. had not received prior official authorization to come to, enter, and reside in the United States, regardless of any official action which may later be taken with respect to such alien.

**(Attempted Bringing and Bringing Aliens to the United States for Financial Gain and Aiding and Abetting and Causing an Act to Be Done**, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2)

## COUNT THREE

9. Paragraphs One through Six of this Indictment are re-alleged as if fully set forth herein.

10. In or about May and June 2011, through on or about June 21, 2011, beginning in India, Brazil, Guatemala and elsewhere outside of the United States, Defendants



and
**FABIANO AUGUSTO AMORIM**
**also known as Adair Jose Diaz LaCerda**
**also known as Kevin Alexander Castillo**

knowingly encouraged and induced an alien, P.K.B, to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence was and would be in violation of law, for the purpose of commercial advantage and private financial gain.

**(Encouraging and Inducing an Alien to Come to the United States for Financial Gain and Aiding and Abetting and Causing an Act to Be Done**, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv), (a)(1)(B)(i), and Title 18, United States Code, Section 2)

## COUNT FOUR

11. Paragraphs One through Six of this Indictment are re-alleged as if fully set forth herein.

12. In or about May and June 2011, through on or about June 29, 2011, beginning in India, Brazil, Guatemala and elsewhere outside of the United States, Defendants

**ROSA ASTRID UMANZOR-LOPEZ
also known as Letty,
and
FABIANO AUGUSTO AMORIM
also known as Adair Jose Diaz LaCerda
also known as Kevin Alexander Castillo**

and others known and unknown to the Grand Jury, aiding and abetting each other, knowingly attempted to bring and brought five aliens, P.S.P., S.R.P., K.M.P., J.A.P., and H.P.P., to the United States, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and reside in the United States, regardless of any official action which may later be taken with respect to such aliens.

(**Attempted Bringing and Bringing Aliens to the United States for Financial Gain and Aiding and Abetting and Causing an Act to Be Done**, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii)-(iii), and Title 18, United States Code, Section 2)

## COUNT FIVE

13. Paragraphs One through Six of this Indictment are re-alleged as if fully set forth herein.

14. In or about May and June 2011, through on or about June 29, 2011, beginning in India, Brazil, Guatemala and elsewhere outside of the United States, Defendants



**ROSA ASTRID UMANZOR-LOPEZ**
**also known as Letty,**
**and**
**FABIANO AUGUSTO AMORIM**
**also known as Adair Jose Diaz LaCerda**
**also known as Kevin Alexander Castillo**

knowingly encouraged and induced five aliens, P.S.P., S.R.P., K.M.P., J.A.P., and H.P.P., to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence was and would be in violation of law, for the purpose of commercial advantage and private financial gain.

**(Encouraging and Inducing an Alien to Come to the United States for Financial Gain and Aiding and Abetting and Causing an Act to Be Done**, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv), (a)(1)(B)(i), and Title 18, United States Code, Section 2)

## COUNT SIX

15. Paragraphs One through Six of this Indictment are re-alleged as if fully set forth herein.

16. In or about June and July 2011, through on or about July 11, 2011, beginning in India, Brazil, Guatemala and elsewhere outside of the United States, Defendants

**ROSA ASTRID UMANZOR-LOPEZ**
**also known as Letty,**
**and**
**FABIANO AUGUSTO AMORIM**
**also known as Adair Jose Diaz LaCerda**
**also known as Kevin Alexander Castillo**

and others known and unknown to the Grand Jury, aiding and abetting each other, knowingly attempted to bring and brought nine aliens, A.J.M.O, A.A.T, V.G.D, M.J.C., B.K.C, A.R.C., L.S., P.P., and P.S.M, to the United States, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and reside in the United States, regardless of any official

action which may later be taken with respect to such aliens.

**(Attempted Bringing and Bringing Aliens to the United States for Financial Gain and Aiding and Abetting and Causing an Act to Be Done**, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii)-(iii), and Title 18, United States Code, Section 2)

## COUNT SEVEN

17. Paragraphs One through Six of this Indictment are re-alleged as if fully set forth herein.

18. In or about June and July 2011, through on or about July 11, 2011, beginning in India, Brazil, Guatemala and elsewhere outside of the United States, Defendants

**ROSA ASTRID UMANZOR-LOPEZ**
**also known as Letty,**
**and**
**FABIANO AUGUSTO AMORIM**
**also known as Adair Jose Diaz LaCerda**
**also known as Kevin Alexander Castillo**

knowingly encouraged and induced nine aliens, A.J.M.O, A.A.T, V.G.D, M.J.C., B.K.C, A.R.C., L.S., P.P., and P.S.M, to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence was and would be in violation of law, for the purpose of commercial advantage and private financial gain.

**(Encouraging and Inducing an Alien to Come to the United States for Financial Gain and Aiding and Abetting and Causing an Act to Be Done**, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv), (a)(1)(B)(i), and Title 18, United States Code, Section 2)

## COUNT EIGHT

19. Paragraphs One through Six of this Indictment are re-alleged as if fully set forth herein.

20. In or about June and July 2011, through on or about July 26, 2011, beginning in India, Brazil, Guatemala and elsewhere outside of the United States, Defendants


**and**
**FABIANO AUGUSTO AMORIM**
**also known as Adair Jose Diaz LaCerda**
**also known as Kevin Alexander Castillo**

and others known and unknown to the Grand Jury, aiding and abetting each other, knowingly attempted to bring and brought seven aliens, S.N.P.L., K.B.P., S.S., P.B.P., M.P., N.R.B.P., and Y.P., to the United States, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and reside in the United States, regardless of any official action which may later be taken with respect to such aliens.

(**Attempted Bringing and Bringing Aliens to the United States for Financial Gain and Aiding and Abetting and Causing an Act to Be Done**, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii)-(iii), and Title 18, United States Code, Section 2)

## COUNT NINE

21. Paragraphs One through Six of this Indictment are re-alleged as if fully set forth herein.

22. In or about June and July 2011, through on or about July 26, 2011, beginning in India, Brazil, Guatemala and elsewhere outside of the United States, Defendants

**and**
**FABIANO AUGUSTO AMORIM**
**also known as Adair Jose Diaz LaCerda**
**also known as Kevin Alexander Castillo**

knowingly encouraged and induced seven aliens, S.N.P.L., K.B.P., S.S., P.B.P., M.P., N.R.B.P., and Y.P., to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence was and would be in violation of law, for the purpose of commercial advantage and private financial gain.

**(Encouraging and Inducing an Alien to Come to the United States for Financial Gain and Aiding and Abetting and Causing an Act to Be Done**, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv), (a)(1)(B)(i), and Title 18, United States Code, Section 2)

## COUNT TEN

23. Paragraphs One through Six of this Indictment are re-alleged as if fully set forth herein.

24. In or about July 2011 through on or about August 19, 2011, beginning in India, Brazil, Guatemala and elsewhere outside of the United States, Defendants

**ROSA ASTRID UMANZOR-LOPEZ**
**also known as Letty,**
**and**
**FABIANO AUGUSTO AMORIM**
**also known as Adair Jose Diaz LaCerda**
**also known as Kevin Alexander Castillo**

and others known and unknown to the Grand Jury, aiding and abetting each other, knowingly attempted to bring and brought two aliens, M.N.P. and J.V.P., for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and reside in the United States, regardless of any official action which may later be taken with respect to such aliens.

**(Attempted Bringing and Bringing Aliens to the United States for Financial Gain and Aiding and Abetting and Causing an Act to Be Done**, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii)-(iii), and Title 18, United States Code, Section 2)

## COUNT ELEVEN

25. Paragraphs One through Six of this Indictment are re-alleged as if fully set forth herein.

26. In or about July 2011 through on or about August 19, 2011, beginning in India, Brazil, Guatemala and elsewhere outside of the United States, Defendants


**ROSA ASTRID UMANZOR-LOPEZ**
also known as Letty,
and
**FABIANO AUGUSTO AMORIM**
also known as Adair Jose Diaz LaCerda
also known as Kevin Alexander Castillo

knowingly encouraged and induced two aliens, M.N.P. and J.V.P., to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence was and would be in violation of law, for the purpose of commercial advantage and private financial gain.

(**Encouraging and Inducing an Alien to Come to the United States for Financial Gain and Aiding and Abetting and Causing an Act to Be Done**, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv), (a)(1)(B)(i), and Title 18, United States Code, Section 2)

## COUNT TWELVE

27. Paragraphs One through Six of this Indictment are re-alleged as if fully set forth herein.

28. In or about January 2012 through on or about February 2, 2012, beginning in India, Brazil and elsewhere outside of the United States, Defendant



and others known and unknown to the Grand Jury, aiding and abetting each other, knowingly attempted to bring and brought two aliens, P.T.P. and L.K.C., to the United States, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and reside in the United States, regardless of any official action which may later be taken with respect to such aliens.

(**Attempted Bringing and Bringing Aliens to the United States for Financial Gain and Aiding and Abetting and Causing an Act to Be Done**, in violation of Title 8, United

States Code, Section 1324(a)(2)(B)(ii)-(iii), and Title 18, United States Code, Section 2)

## COUNT THIRTEEN

29. Paragraphs One through Six of this Indictment are re-alleged as if fully set forth herein.

30. In or about January 2012 through on or about February 2, 2012, beginning in India, Brazil and elsewhere outside of the United States, Defendant



knowingly encouraged and induced two aliens, P.T.P. and L.K.C., to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence was and would be in violation of law, for the purpose of commercial advantage and private financial gain.

(**Encouraging and Inducing an Alien to Come to the United States for Financial Gain and Aiding and Abetting and Causing an Act to Be Done**, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv), (a)(1)(B)(i), and Title 18, United States Code, Section 2)

## COUNTS FOURTEEN THROUGH TWENTY-EIGHT

31. Paragraphs One through Six of this Indictment are re-alleged as if fully set forth herein.

32. In or about June 21, 2011 through on or about July 26, 2011, in the Southern District of Texas and within the jurisdiction of the Court, Defendant

**FABIANO AUGUSTO AMORIM**
**also known as Adair Jose Diaz LaCerda**
**also known as Kevin Alexander Castillo**

did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, to-wit: the transfer, delivery, and other disposition of United States currency sent through Bank of America, which involved the proceeds of a specified unlawful activity, that

is, bringing aliens to the United States for the purpose of financial gain, an offense punishable under Title 8, United States Code, Section 1324, with the intent to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds, represented the proceeds of some form of unlawful activity, as follows:

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| 14 | 6/21/2011 | Cash withdrawal from Bank of America account ending 0243 in the amount of $6000 |
| 15 | 6/21/2011 | Cash withdrawal from Bank of America account ending 6341 in the amount of $5000 |
| 16 | 6/21/2011 | Cash withdrawal from Bank of America account ending 6341 in the amount of $2000 |
| 17 | 6/21/2011 | Cash deposit into Citi Bank account ending 2816 in the amount of $5665 |
| 18 | 6/29/2011 | Cash withdrawal from Bank of America account ending 0659 in the amount of $2000 |
| 19 | 6/29/2011 | Cash withdrawal from Bank of America account ending 2692 in the amount of $1500 |
| 20 | 6/29/2011 | Cash withdrawal from Citi Bank account ending 2816 in the amount of $1000 |
| 21 | 7/26/2011 | Cash deposit into Bank of America account ending 0243 in the amount of $8000 |
| 22 | 7/26/2011 | Cash withdrawal from Bank of America account ending 0243 in the amount of $4000 |
| 23 | 7/26/2011 | Cash deposit into Bank of America account ending 0659 in the amount of $8000 |
| 24 | 7/26/2011 | Cash withdrawal from Bank of America account ending 0659 in the amount of $3000 |
| 25 | 7/26/2011 | Cash deposit into Bank of America account ending 2692 in the amount of $8000 |
| 26 | 7/26/2011 | Cash withdrawal from Bank of America account ending 2692 in the amount of $3000 |
| 27 | 7/26/2011 | Cash deposit into Bank of America account ending 6341 in the amount of $8000 |

| | | |
|---|---|---|
| 28 | 7/26/2011 | Cash withdrawal from Bank of America account ending 2692 in the amount of $4000 |

(**Money Laundering Concealment** in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Title 18, United States Code Section 2)

## FORFEITURE ALLEGATION

33. The allegations contained in Counts One through Thirteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 8, United States Code, Section 1324(b), and Title 18, United States Code, Section 982(a)(6).

34. As a result of the offenses alleged in Counts One through Thirteen of this Indictment, Defendants shall forfeit to the United States of America (1) any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offenses, (2) any and all property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the offenses, and (3) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations alleged in Counts One through Thirteen of this Indictment. Such property includes, but is not limited to, the following:

Money Judgment:

judgment for a sum of money equal to the property constituting, or derived from, any and all proceeds the defendants obtained, directly or indirectly, as a result of such violations alleged in Counts One through Thirteen of this Indictment.

35. By virtue of the commission of the felony offenses charged in Counts One through Thirteen of this Indictment, any and all interest that Defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to Title 8, United States Code, Section 1324(b), and Title 18, United States Code, Section 982(a)(6). If any

of the property described above as being subject to forfeiture, as a result of any act or omission of a defendant

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third person;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property that cannot be subdivided without difficulty

it is the intention of the United States, pursuant to Title 8, United States Code, Section 1324(b), Title 18, United States Code, Section 982(a)(6), and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of said property listed above as being subject to forfeiture.

(**Criminal Forfeiture**, in violation of Title 8, United States Code,
Section 1324(b) and Title 18, United States Code, Section 982(a)(6))

## NOTICE OF CRIMINAL FORFEITURE

36. The allegations contained in Counts Fourteen through Twenty-Eight of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 1956, and Title 18, United States Code, Section 982(a)(1).

37. As a result of the offenses alleged in Counts Fourteen through Twenty-Eight of this Indictment, Defendants shall forfeit to the United States of America any and all respective rights, title, or interest which the defendants may have in an property, real or personal, involved in such

offenses or any property traceable to such property.

**(Criminal Forfeiture**, in violation of Title 18, United States Code, Section 1956 and Title 18, United States Code, Section 982(a)(6))

A TRUE BILL

Original Signature on File

_____
FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

_____
LEO J. LEO III
ASSISTANT UNITED STATES ATTORNEY

LANNY A. BREUER
ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION

_s/ Stephen J. Curran_
STEPHEN J. CURRAN
TRIAL ATTORNEY, CRIMINAL DIVISION